T. A. PORTER v. J. A. BUCKHOLTS.

1—By the proclamation of Provisional Governor Hamilton, the courts of this State were open for the assertion of rights in the month of August or September, 1865, and suits were authorized to be prosecuted in all the District Courts at the Fall term of that year, with only a restriction on the issuance of executions.

2—The holder of a note due January 1st, 1862, brought suit in April, 1866, against an indorser of the note, without giving any reason why the suit was not sooner brought. *Held,* that the statutory diligence to fix the indorser's liability by suit is wanting. The action should have been brought to the Fall term, 1865; and the failure to bring it to that term, or to assign some valid reason for not doing so, operates a release to the defendant.

ERROR from Burleson.    Tried below before the Hon. George R. Scott.

The opinion states the facts.

*De Witt C. Booth,* for plaintiff in error.

No brief for the defendant in error.

LINDSAY, J.—The action in this case was brought upon a promissory note, executed and delivered to the appellant in 1861, and payable the 1st day of January thereafter, and by

him indorsed in blank to the appellee. The maker of the note being beyond the limits of the State, the holder brought this suit against the indorser on the 28th day of April, 1866. It is assigned as error that the diligence required to fix the liability of the indorser was not used by the holder, and the indorser is therefore released.

The courts of the State were open, by the proclamation of the Provisional Governor of Texas, for the assertion of rights as early as August or September, 1865, and suits were authorized to be prosecuted in all the District Courts of the State, at the Fall term of that year, with only a restriction upon the issuance of executions. The Burleson court was authorized to be held, and it is presumed, it was held about the middle of the month of November, 1865. That was the first term of the court at which suit could have been brought after the cause of action accrued. In the record no reason appears why suit was not instituted at that term. The suit was brought to the second term, at which it could be brought after the cause of action accrued. But no reason is assigned for not bringing it to the first. Without some valid reason, the failure so to bring it operated as a release of the indorser from liability to pay the note.

The judgment of the District Court is therefore reversed and the cause dismissed.

Reversed and dismissed.