Isaac McGary's Executor v. A. W. McKenzie et als.

1. The liability of an endorser on a promissory note falling due in 1862 or 1863 was fixed by the institution of suit in 1865, at the second term of the court held after the courts were opened by the proclamation of Provisional Governor Hamilton, and by showing good reason for not bringing the suit the term before.

2. The liability of the endorser under such circumstances is not affected by the fact that the holder could have fixed his liability at an earlier day by demand, protest and notice.

Appeal from Madison. Tried below before the Hon. James R. Burnett.

*J. H. Banton*, for appellant.

*Baker & Maxey*, for appellee.

Walker, J.—The only question presented on this record is as to the liability of an endorser on promissory notes falling due on the first of January, 1862 and 1863. This suit was brought on the twenty-seventh of November, 1865, by McGary against McKenzie as maker, and Conner as endorser. The question here presented has so often been discussed and decided in this court that we deem it unnecessary to elaborate an opinion. We think that this suit was brought in time to fix the liability of the endorser under our statute. If the suit was not brought to the first term of the court after the courts were opened by the proclamation of Provisional Governor Hamilton, it was brought to the second, and a sufficient reason shown for not bringing it to the first.

The case is certainly settled. (See Smith v. Herbert, 30 Texas, 69 ; The Endorsement Cases, 31 Texas, 694 ; Hargraves v. De Lise, 32 Texas, 177 ; Porter v. Buckholts, 32 Texas, 487 ; Brooks v. Breeding, 32 Texas, 757.) But it

is contended in this case that the liability of the endorser might have been fixed by demand, protest and notice, and not having been so done, the endorser is discharged.

The case of Brooks v. Breeding, 32 Texas, 757, settles this question. It is there held that the holders of endorsed notes which matured prior to the act of the eleventh of January, 1862, could fix the liability of the endorser only by suit. One of the notes sued on in this case matured before the eleventh of January, 1862, while the courts were closed. After the passage of the act referred to, the holder had two modes of fixing the liability of an endorser—by notice and protest, or by suit, within the provision of the statute ; and the endorser cannot complain of the mode selected.

We think the judgment in this case is erroneous ; it is therefore reversed and the cause remanded.

REVERSED AND REMANDED.